WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bobby Joe Scott,<br><br>　　　　　Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>　　　　　Respondents. | No. CV-14-01692-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus. Doc. 1. On October 21, 2015, the Magistrate Judge to whom this case was assigned issued a Report and Recommendation (R&R) recommending that the Petition be denied. Doc. 21. After receiving many extensions of time, Petitioner filed objections to the R&R on May 13, 2016. Doc. 29.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that de novo review of factual and legal issues is required if objections are made, 'but not otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the

1  [Magistrate Judge's] recommendations to which the parties object."). District courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("the court shall make a de novo determination of those portions of the [report and recommendation] to which objection is made."). Thus, this Court will review the portions of the R&R to which Petitioner objected de novo.

**Claims in the Petition**

The R&R has identified 9 claims brought by Petitioner. The Court will address each claim in turn

**Claim 1**

At page 9-19, the R&R discusses the statute of limitations applicable to federal habeas petitions. The Court adopts this statement of the governing law.

The R&R then applies the controlling law and concludes that Claim 1 (which is based on a 1997 conviction) is untimely. R&R at 11, 18. Petitioner objects citing the date his post-conviction relief petition was denied as to his 2010 conviction and sentence. Objections at 7. Because the expiration of the statute of limitations on the 2010 conviction does not control when the statute of limitations expired on the 1997 conviction, Petitioner's objection is overruled. Accordingly, the Court accepts and adopts the R&R's conclusion that Claim 1 is barred by the statute of limitations.

Alternatively, the R&R concludes that Claim 1 is barred by the second or successive petition prohibition because Petitioner previously filed a habeas petition in 2000. R&R at 30. Citing *Magwood v. Patterson*, 561 U.S. 320 (2010), Petitioner objects and argues that because he received a new sentence, he is not barred by the second or successive petition limits. Objections at 8-9. In *Magwood*, the petitioner received habeas relief, was re-sentenced, then filed another habeas petition challenging his re-sentencing. *Id.* at 323-24. The Supreme Court concluded that because the new habeas petition was the first challenge to the judgment upon re-sentencing, it was not barred by the second or successive petition limits. *Id.*

Here, Petitioner has more than one conviction, not a new sentence on a previous conviction. Petitioner challenged his 1997 conviction in his 2000 habeas petition. Petitioner cannot avoid the successive petition bar by including challenges to the 1997 conviction in a habeas petition challenging his 2010 conviction. Accordingly, the Court accepts and adopts the R&R for this alternative reason, and relief on Claim 1 is denied. *See* R&R at 19-23.

**Claim 2A**

The R&R concludes that part of Claim 2A is barred by the statute of limitation. R&R at 18. The R&R further concludes that part of Claim 2A is prohibited because it is a successive petition. R&R at 21-23. The R&R also concludes that a different part of Claim 2A (relating to the 2010 conviction) fails on the merits (R&R at 43).

For the reasons stated above, the Court accepts and adopts the R&R's conclusions that to the extent Claim 2A attempts to challenge Petitioner's 1997 conviction, it is both untimely and prohibited as a second or successive petition. Petitioner's objections as to this portion of the R&R on Claim 2A are overruled. *See* Objections at 7-10.

As to the portion of Claim 2A that the R&R found both timely and exhausted in the state courts (R&R at 35), the R&R summarized Petitioner's argument as follows:

> Petitioner argues his due process rights were violated because the 1997 sentence to lifetime probation was unauthorized, only a 5 year term was permitted, that term ran from the date of imposition and expired in 2002, and therefore the court lacked jurisdiction to reinstate Petitioner on probation in 2008, and to sentence him to prison upon revocation in 2010.

R&R at 43.

The R&R finds that for this Court to adjudicate the merits of this claim, this Court would necessarily have to consider the merits of the 1997 sentence and the 2008 probation revocation. *Id*. The R&R then concludes that because this Court is barred from considering those two sentences, this Court cannot adjudicate the merits of Claim 2A even to the extent it challenges the 2010 sentence.

Petitioner objects and re-argues the reasons why he believes the 1997 sentence

was invalid. Objections at 21-28. The Court overrules these objections because the Court agrees with the R&R that this Court is barred from considering the merits of the 1997 sentence. Thus, relief on Claim 2A is denied.

**Claim 2B**

The R&R concludes that part of Claim 2B is barred by the statute of limitation. R&R at 18. The R&R further concludes that part of Claim 2B is prohibited because it is a successive petition. R&R at 21-23. The R&R then concludes that the part of claim 2B that is based on the 2010 conviction (and therefore not barred by the statute of limitations or the successive petition prohibitions), was not exhausted in state court and is now procedurally defaulted. R&R at 36. The R&R continues and finds that Petitioner cannot show cause to overcome his procedural default of this claim (R&R at 40), nor can Petitioner show actual innocence such that he could gateway around his failure to exhaust (R&R at 41).

For the reasons stated with respect to Claim 1, the Court accepts and adopts the R&R's conclusions that to the extent Claim 2B attempts to challenge Petitioner's 1997 conviction, it is both untimely and prohibited as a second or successive petition. Petitioner's objections as to this portion of Claim 2B are overruled. *See* Objections at 7-10.

As to the portion of Claim 2B challenging Petitioner's 2010 conviction, Petitioner objects to the R&R's finding of non-exhaustion arguing that his double jeopardy claim that makes up Claim 2B was subsumed in his argument that his sentence was illegal. Petitioner then concludes that any argument that could fall under the broad umbrella of an "illegal sentence" was exhausted before the state courts. Objections at 14-18.

First, Petitioner was required to present his factual predicate and legal basis for his claim to the state courts, and he cannot expand his claim to the habeas court. R&R at 35 (citing, e.g., *Brown v. Easter,* 68 F.3d 1209 (9th Cir. 1995)). Second, even if Petitioner's argument were legally viable, he did not present a global "illegal sentence" claim to the state courts. Instead, on appeal at the state court, Petitioner argued that his sentences

- 4 -

could not be consecutive. R&R at 36.

Because the claim that was exhausted is completely different than Claim 2B, the Court accepts and adopts the R&R's conclusion that Claim 2B was not exhausted in state court. Further, the Court finds Petitioner cannot show cause to overcome his default of this claim; thus, Petitioner's objection that his lack of knowledge of the law is cause to excuse default (Objections at 19-20) is overruled. Petitioner also fails to make any showing of actual innocence. Thus, habeas relief on Claim 2B is denied.

**Claim 2C**

The R&R considered Claim 2C on the merits and concluded that Petitioner was not entitled to relief.[1] In Claim 2C, Petitioner argues that his sentence is cruel and unusual punishment. R&R at 43. The R&R analyzed Petitioner's sentence under the Eighth Amendment's proportionality tests, and determined that Petitioner's sentence was not disproportional. R&R at 44-50. Petitioner objects and attempts to distinguish his 1997 case from other statutory rape cases by arguing that he pled guilty to attempted sexual conduct with a minor; thus, he should receive a lesser sentence. Objections at 28-33. Petitioner also takes issue with being labeled a "predator" because he believes his victim consented and because his 2010 conviction was for "robbing banks" and not for "molesting someone". *Id*.

As the R&R notes, Petitioner has additional convictions for crimes such as attempted burglary and aggravated assault, which can be considered in the proportionality analysis. R&R at 47. Further, the R&R notes that, even though Petitioner's 1997 conviction is only for attempt, Petitioner actually completed his attempt; thus, the "attempt" does not reflect any change of heart on Petitioner's part. R&R at 48. For these and other reasons stated in the R&R, the Court accepts and adopts the R&R that Petitioner's 12 year sentenced coupled with his probation term is not disproportionate under an as-applied analysis. R&R at 49. Petitioner's objections are overruled.

---

[1] The R&R found Claim 2C to be timely (R&R at 14), not successive (R&R at 21-23), and properly exhausted in state court (R&R at 37).

- 5 -

Additionally, the Court accepts and adopts they R&R's conclusion that Petitioner's sentence is not disproportional under the categorical test. R&R at 49-50. Specifically, Petitioner points to no personal characteristics, nor any national consensus that make his sentence disproportional.

Based on all of the foregoing, the Court finds Petitioner's sentence is not disproportional nor in violation of the Eighth Amendment. Therefore, relief on Claim 2C is denied.

**Claims 3A, 3B, and 3C**

The R&R finds that all three ineffective assistance of counsel Claims under Claim 3 are barred by the statute of limitations. R&R at 14-19. For the reasons stated in Claim 1 with respect to the 1997 conviction (which is the basis for the Claims in 3A and 3B), Petitioner's objections are overruled, and the R&R is accepted and adopted. Habeas relief on Claims 3A and 3B is denied.

As to Claim 3C, which is based on the 2008 probation revocation, this Claim is also barred by the statute of limitations. R&R at 17, 19. Again, Petitioner's use of the statute of limitations for his 2010 conviction does not make a challenge to his 2008 revocation timely. Objections at 7. Therefore, the objections are overruled, and the R&R is accepted and adopted. Claim 3B is barred by the statute of limitations and habeas relief is denied on this claim.

Alternatively, the R&R concludes that Claims 3A and 3B are successive or second petitions to Petitioner's 2000 habeas petition, and are barred for this alternative reason. R&R at 21-23. For the reasons stated in Claim 1, Petitioner's objections to this finding are overruled, and relief on Claims 3A and 3B is denied for this alternative reason.

**Claim 3D**

The R&R considered Claim 3D on the merits and concluded that Petitioner was not entitled to relief.[2] R&R at 51-56. Petitioner claims his counsel was ineffective in 2010 for failing to challenge his lifetime probation stemming from his 1997 conviction.

---

[2] The R&R found Petitioner exhausted Claim 3D in state court. R&R at 38.

1 R&R at 53-54. The R&R recounted the governing law of ineffective assistance of
2 counsel claims, and this Court accepts and adopts it. R&R at 52-53.

3 The R&R finds that legally Petitioner was subject to only a five year term of
4 probation following his 1997 conviction. R&R at 54. However, the R&R notes that
5 Petitioner was in prison through June 2008. Petitioner's probation was revoked in
6 December 2008. *Id.* Thus, of Petitioner's five year permissible probation term, only six
7 months had elapsed at the time Petitioner probation was revoked (the result of this
8 revocation was that Petitioner was reinstated on probation). *Id*. Further, the R&R notes
9 that when Petitioner's probation was again revoked as a result of his March 2009 bank
10 robbery, which resulted in the May 2010 conviction, Petitioner was still within his five
11 year probation term. *Id*. Thus, the R&R concludes that Petitioner's counsel was not
12 ineffective because any objection to Petitioner's probation revocation would have been
13 futile. *Id*.

14 Petitioner objects and argues that his five years of probation ran while he was in
15 prison for his 1997 conviction. Objections at 33-47. However, as the R&R correctly
16 concludes, Petitioner's time in prison did not count towards his time on probation under
17 Arizona law. R&R at 54-56. Accordingly, Petitioner's objections are overruled; the
18 R&R is accepted and adopted as to Claim 3D and habeas relief is denied.

19 **Claim 4**

20 In Claim 4, Petitioner argues that the state court judge who considered his post-
21 conviction relief petition should have given Petitioner an evidentiary hearing. R&R at
22 38. The R&R finds that this claim was not exhausted in the state courts and no exception
23 to exhaustion applies in this case. R&R at 38, 40-41.

24 Petitioner objects and argues that he requested an evidentiary hearing in state
25 court. Objections at 18. Even assuming this is true, it does not change the fact that
26 Petitioner failed to exhaust his claim that the denial of the hearing somehow violated a
27 federal constitutional right. Accordingly, the objection is overruled. The R&R is
28 accepted and adopted on Claim 4 and habeas relief on this Claim is denied.

**Request for Evidentiary Hearing in Federal Court (Doc. 15)**

Petitioner also objects to the R&R's denial of an evidentiary hearing. R&R at 56-58; Objections at 47. The R&R denied the request for an evidentiary hearing (wherein Petitioner seeks to obtain and introduce certain records of his confinement) because any such hearing could not change the result of Petitioner's petition. R&R at 56-58. Petitioner argues that such a hearing could impact the R&R's application of A.R.S. § 13-903. Objections at 48-49. The Court agrees with the R&R that any evidentiary hearing would not impact the outcome of the Petition. Accordingly, the objection to the denial of the evidentiary hearing is overruled.

**Conclusion**

Based on the foregoing,

**IT IS ORDERED** that the R&R (Doc. 21) is accepted and adopted as stated above; the objections (Doc. 29) are overruled; the claims in the Petition are dismissed or denied as specified in the R&R (Doc. 21 at 59-60) and the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that, in the event Petitioner files an appeal, a certificate of appealability is denied because, to the extent the Petition was dismissed, such dismissal was based on a plain procedural bar and jurists of reason would not find this Court's procedural rulings debatable or wrong and, to the extent the Petition was denied on the merits, Petitioner did not make a substantial showing of the denial of a Constitutional right.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1     **IT IS FINALLY ORDERED** that the R&R's recommendation that Petitioner be
2 sent forms to seek a second or successive petition with the Court of Appeals is rejected
3 because all claims this Court found to be successive are also barred by the statute of
4 limitations, thus any successive petition would be futile.
5     Dated this 30th day of June, 2016.

_____
James A. Teilborg
Senior United States District Judge